UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CENTURY SURETY COMPANY, | : | CIVIL ACTION NO. 05-1123 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : | |
| NATIONWIDE CHEMICAL COATING MANUFACTURERS, INC., et al., | : | |
| Defendants. | : | |

**THE COURT** ordering the parties to show cause why the Court should not (1) dismiss the complaint for lack of jurisdiction under 28 U.S.C. § ("Section") 1332, and (2) abstain from exercising jurisdiction (dkt. entry nos. 9 & 10); and the plaintiff — Century Surety Company ("CSC") — which insures the defendant Nationwide Chemical Coating Manufacturers, Inc. ("NCCM") — (1) bringing this action on February 25, 2005, inter alia, for a judgment declaring it need not defend or indemnify NCCM in a state-court action brought against NCCM, (2) asserting there is jurisdiction under Section 1332 (Compl., at 2), and (3) bearing the burden of demonstrating jurisdiction, see McCracken v. Murphy, No. 04-3454, 2005 WL 995510, at *1 (3d Cir. Apr. 29, 2005); and the Court examining jurisdiction sua sponte, see Fed.R.Civ.P. 12(h)(3) (stating court shall dismiss complaint if jurisdiction appears lacking); and

**THE COURT** advising CSC that the citizenship allegations as to the defendants Five Carp Co. ("FCC"), John Garland Roofing,

a/k/a John Garland Roofing, LLC ("JGR"), Al's Roofing & Siding ("ARS"), and Lowe Commercial Roofing ("LCR") were insufficient, and thus prevent the Court from determining whether there is jurisdiction under Section 1332 (6-27-05 Order to Show Cause, at 2-4);[1] and the Court also being concerned that (1) there was a related state-court action pending, (2) either (a) CSC was — or will be — named in some capacity in that action or other related state-court actions, or (b) a determination as to CSC's claim in federal court will necessarily affect — and thus interfere with — a related state-court action, and (3) the Court should abstain from exercising jurisdiction (6-27-05 Order to Show Cause, at 4-5);[2] and

---

[1] The citizenship allegation as to the defendant Karnac Corporation, t/n Karnak Corporation ("KNC"), was insufficient as well.  But the action insofar as brought against KNC has been terminated.  (See dkt. entry no. 13.)

[2] See Wilton v. Seven Falls Co., 515 U.S. 277, 280-90 (1995) (affirming abstention where insurer brought declaratory-judgment action in federal court against insured, and insured brought own action against insurer in state court); State Auto Ins. Cos. v. Summy, 234 F.3d 131, 135-36 (3d Cir. 2000) (reversing district court order declining to abstain where insurer brought declaratory-judgment action in federal court, and then insured brought action against insurer in state court); Franklin Commons E. Partn. v. Abnex Corp., 997 F.Supp. 585, 588-93 (D.N.J. 1998) (abstaining in federal action); see also Nationwide Mut. Ins. Co. v. Lowe, 95 F.Supp.2d 274, 276-77 (E.D. Pa. 2000) (abstaining in federal action even though insurer not named in state action, as deciding insurance-coverage issue raised in federal court would affect — and thus interfere with — underlying state-court issue).

> **CSC** requesting in response that:
>
> > this [a]ction be stayed pending resolution of the underlying State Court action.  All counsel agree with this request.
> >
> > [T]here is an underlying State Court action involving the same entities and individuals as the current action.  Since the current action was filed, though, [CSC] was brought in to the State Court action as a Fourth Party Defendant.  Also, one of the Third Party Complaints in the State Court action has been amended, those amended allegations have given rise to a defense obligation on [CSC's] part, and [CSC] has in fact engaged defense counsel for [NCCM].
> >
> > [A]n agreement has been reached by which certain factual issues relevant to the coverage dispute will be presented to the jury in the State Court action.  Depending on the jury's findings in the State Court action, all coverage issues may be resolved.  In that case, the current action could be dismissed.  However, there is a possibility that the jury's findings in the State Court action will not resolve all coverage disputes.
> >
> > Because the jury's findings in the State Court action may not resolve all coverage disputes, [CSC] respectfully requests that the Court stay the current action (rather than dismiss it) pending the jury verdict in the State Court action.  Again, all parties agree with this request.

(8-26-05 Rubert Letter, see 8-24-05 Abromitis Letter for NCCM, 8-29-05 Musarra Letter for FCC); and thus the Court intending to (1) vacate the order to show cause without prejudice, and (2) stay and administratively terminate the action with leave to reopen, and dismiss the complaint without prejudice; but the parties being advised that a motion to reopen the proceedings must be supported in the first instance by a proper showing that (1) there is complete diversity between CSC and the remaining

3

defendants (see 6-27-05 Order to Show Cause, at 2-4), and (2) a reopened action in this Court — in view of the related state-court action — is not barred on the grounds of abstention, res judicata, collateral estoppel, and the entire-controversy doctrine; and the parties being advised that if a motion to reopen the action is not supported in the first instance as discussed herein, the Court will deny the motion and dismiss the complaint with prejudice (1) for lack of jurisdiction under Section 1332, and (2) on the grounds of abstention, res judicata, collateral estoppel, and the entire-controversy doctrine; and for good cause appearing, the Court will issue an appropriate order and judgment.

                                                s/ Mary L. Cooper
                                          **MARY L. COOPER**
                                          United States District Judge